Matter of L.P.M. v S.H.M. (2007 NY Slip Op 51624(U))

[*1]

Matter of L.P.M. v S.H.M.

2007 NY Slip Op 51624(U) [16 Misc 3d 1128(A)]

Decided on July 26, 2007

Family Court, Nassau County

Singer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through September 14, 2007; it will not be published in the printed Official Reports.

Decided on July 26, 2007

Family Court, Nassau County
In the Matter of a proceeding under Article 8 of the Family Court Act, L.P.M., Petitioner,
against
S.H.M., Respondent.
S.H.M., Petitioner
against
L.P.M., Respondent
O-0000-00

The wife is represented by Barrocas & Rieger, LLP. The husband was initially represented by Kenneth J. Weinstein, Esq., who brought the initial application, but is now represented by Vessa Wilensky, PC whom submitted all subsequent motion papers. Robert Kurtz, Esq., was assigned as law guardian for the children.

Conrad D. Singer, J.
The matters before the Court are a motion and cross motion brought by husband (S.M.) and wife, (L.M.) each to dismiss the other's family offense petition and to vacate reciprocal temporary orders of protection. The law guardian submitted an affirmation seeking the denial of both motions.
The wife initially filed a petition alleging a family offense dated May 2, 2007. On that date she appeared before Judge Philip M. Grella of this Court, and was granted an ex-parte temporary order of protection against the husband. The order of protection issued is commonly referred to as [*2]a "refrain from". On May 4, 2007, the husband then filed a family offense petition in this Court and appeared before Judge Julianne S. Eisman. Judge Eisman granted the husband a temporary order of protection ex parte which directs the wife to stay away from the husband's bedroom and the regular "refrain from" language. Thereafter the within motions ensued.

HUSBAND'S MOTION TO DISMISS WIFE'S PETITION
The husband alleges, in his motion, that the allegations contained in the wife's family offense petition are conclusory in nature, are not supported by facts, and even if all were taken as true, would not constitute family offenses. Family Court Act § 812 defines a family offense, as those acts that
would constitute:
disorderly conduct, harassment in the first degree, harassment in the second degree, aggravated harassment in the second degree, stalking in the first degree, stalking in the second degree, stalking in the third degree, stalking in the fourth degree, menacing in the second degree, menacing in the third degree, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault between spouses or former spouses, or between parent and child or between members of the same family or household...
Pursuant to FCA §821 (1)(a), a petition alleging a family offense has occurred must at least allege that the respondent behaved in a way that would constitute one of the delineated acts in FCA §812. The wife's petition accuses the husband of acts which constitute harassment, reckless endangerment and disorderly conduct. As the wife's petition does not make allegations the husband menaced, stalked or assaulted her, there is no need to analyze whether the husband's alleged behaviors fit into those crimes.
Pursuant to Penal Law §240.26(1) and (3), a person is guilty of Harassment in the Second Degree when: "with intent to harass, annoy or alarm another person: 1. He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or... 3. He or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose." Pursuant to Penal Law §240.20, a person commits Disorderly Conduct when "with intent to cause public inconvenience, annoyance or alarm, or reckless creating a risk thereof...(3) in a public place he uses abusive or obscene language, or makes an obscene gesture...". Family Court §812(1) adds to this section that, for the purposes of a family offense proceeding, disorderly conduct does not have to occur in a public place.
In her petition, the wife alleges the husband called her "a f***ing wh***e, pig, bitch" and "f***ing c**t", then approached the wife in a manner leading her to think he may strike her.
In the light most favorable to the wife, it is clear the name calling was meant to harass, annoy or alarm the wife, and approaching her in a threatening manner was a threat to subject her to physical contact. Further, the name calling fits the definition of Disorderly Conduct. Accordingly, these allegations spell out enough of a family offense to at least defeat a motion to dismiss.
The wife's next allegations are that while the wife was giving the children a bath, the husband used a sledgehammer to break down her door. On another occasion he turned over a piece of [*3]exercise equipment as the wife was about to use it. There was a wrench in his hands. The husband also cornered the wife with a screwdriver in his hand, and then tried to force open a door using the screwdriver.
In the light most favorable to the wife, these allegations describe a course of conduct, or repeated acts by the husband which would alarm or seriously annoy the wife. Accordingly, these allegations spell out enough of a family offense to at least defeat a motion to dismiss.
The wife's remaining allegations concern the husband whispering unpleasant things to her, alleging that no one will believe her and that his job is to make her life "a living hell". That he says "vulgar and demeaning things", that the husband smokes marijuana, sometimes with the children in the car. These remaining allegations do not rise to the level of a family offense, even in the light most favorable to the wife. While such statements may be unpleasant and crude, for it to be a family offense or meet the definition of a criminal act, statements must be more than that. People v. Dietze, 75 NY2d 47(1989). The Court does not see how these allegations present "...a clear and present danger of some serious substantive evil...". Id. at 51. The allegations regarding the husband's marijuana use with the children seem more proper under the guise of a neglect proceeding. Accordingly, that portion of the wife's family offense containing these allegations is dismissed.
WIFE'S MOTION TO DISMISS HUSBAND'S PETITION
Two days after the wife filed a family offense petition the husband filed his own family offense petition. His petition alleges the wife committed acts which would constitute harassment, menacing, disorderly conduct and reckless endangerment. After reviewing the husband's petition in the light most favorable to the husband, the Court finds that none of the husband's allegations meet the criteria for a family offense.
The husband alleges the wife called him and woke him, that the wife was out "partying", that the wife made a false accusation to the police about him, that he suffers from Multiple Sclerosis, needs his sleep and the wife purposely wakes him. Aggravated Harassment in the Second Degree is defined by Penal Law §240.30(1) and (2) as:
... with intent to harass, annoy, threaten or alarm another person, he or she:
1. Either (a) communicates with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm; or
(b) causes a communication to be initiated by mechanical or electronic means or otherwise with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm; or
2. Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication;
The husband's allegations are that the wife calls him and wakes him up, but there is no allegation that the calls themselves are with the intent to harass, annoy, threaten or alarm him, nor does he allege that they serve no legitimate purpose. His petition states that he "believes that the [wife] purposely awakens him often, which harms his health." By his own statement he acknowledges this is conjecture, and this allegation contains no specificity regarding a particular date, time or incident.
The husband further states that the wife calls him an a**hole and loser and "gives him the [*4]finger". The Court finds that such behavior, while crude, does not rise to the level of a family offense. "At the least, any proscription of pure speech must be sharply limited to words which, by their utterance alone, inflict injury or tend naturally to evoke immediate violence or other breach of the peace..." (cites omitted). People v. Dietz at 52. The husband further alleges the wife tries to provoke him to push or threaten her, but has been unsuccessful. Of the penal law sections cited by the husband in his petition, the Court is unaware of any which proscribe the conduct alleged. See Dora V. v. Ramon U., 2003 WL22427239 (NY Fam. Ct.), 2003 NY Slip Op. 51320 (U).
The remainder of the husband's allegations are disturbing, and, if true, raise grave concerns about the safety of the children while in the mother's care. However, the petition itself also indicates that Child Protective Services is involved, that the wife is being investigated and that a caseworker has been assigned. The allegations, including, but not limited to, the wife leaving the children alone in a car unattended for over thirty minutes; leaving a baby alone in a bathtub filled with water; leaving the children alone in the house, are certainly fodder for a neglect petition and may help support a custody application. But, they do not fall within any definition for a family offense and therefore cannot be raised in a petition pursuant to Article 8 of the Family Court Act.
ORDERED that the Husband's motion to dismiss is granted in part and denied in part; and it is further 
ORDERED that the Wife's motion to dismiss is granted; and it is further
ORDERED that the parties appear before this Court on August 7, 2007 at 2:00 p.m. for a hearing on the remaining allegations contained in the wife's family offense petition.
This constitutes the decision of the court.
ENTER
_______________________________HON. CONRAD D. SINGER
Judge of the Family Court
Dated: July 26, 2007
Check Applicable Box
Order mailed on [specify date(s) and to whom mailed]: _____________________________
Order received in court on [specify date(s) and to whom given]: ______________________
PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF THE COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OF THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST